UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOWN OF GRAMERCY | CIVIL ACTION |
| VERSUS | NO. 07-2655 |
| BLUE WATER SHIPPING SERVICES, et al. | SECTION "N" (1) |

# **O R D E R and R E A S O N S**

Before the Court is the **Motion for Reconsideration (Rec. Doc. 31)**, filed by Defendants Southern Pacific Holding Corporation and Executive Ship Management, PTE, Ltd., pursuant to Federal Rule of Civil Procedure 59(e). Defendants pray that this Court alter its Order of January 20, 2009 (Rec. Doc. 30) denying their motion for summary judgment.

A district court has considerable discretion to grant or deny a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Mendler v. Derouen*, 2009 WL 411244, at *1 (E.D. La. 2009) (Vance, C.J.). The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. To succeed on a motion for reconsideration, a party must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

Defendants argue that the Court committed an error of fact in misinterpreting language in the Port Log Statement of Facts provided by Defendants. Defendants suggest that there is no

genuine material fact issue about whether the captain of the M/V MERCURY K requested a pilot on September 22nd or September 23rd of 2005, and that the captain in fact requested a pilot on *both* those days. Defendants supplement their argument with an affidavit and copy of an email from Jeff Wille testifying to that effect and argue that Plaintiff cannot show a failure to take reasonable precautions.

The Court is disinclined to grant a motion to alter a judgment based on evidence that could have been presented in the original motion for summary judgment. Additionally, the Court is skeptical that it would have reached a different conclusion on the motion for summary judgment even with the Wille affidavit attached–especially since the document that creates the genuine material fact issue in this case was tendered by the movant. The fact that the Port Log requires "interpretation," as the Defendants suggest, would tend to preclude summary judgment. In any event, any error of fact the Court may have committed in ruling on the summary judgment motion is certainly not "clearly established" or "manifest," *Ross*, 426 F.3d at 763, and accordingly the instant motion is **DENIED**.

New Orleans, Louisiana, this 4th day of March, 2009.

**KURT D. ENGELHARDT**
**United States District Judge**