# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOWN OF GRAMERCY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-2655-KDE-SS** |
| **BLUE WATER SHIPPING SERVICES INC., et al** | |

## REPORT AND RECOMMENDATION

Before the undersigned is the motion of the defendants, Southern Pacific Holding Corporation and Executive Ship Management, PTE, Ltd., to compel the plaintiff, Town of Gramercy ("Gramercy"), to produce all documents related to the alleged damages incurred in this action and for sanctions. For the reasons described below, it is recommended that Gramercy be barred from offering into evidence all documents produced after the close of discovery.

## BACKGROUND

On September 25, 2005, the M/V Mercury K was anchored in the Mississippi River near Gramercy, Louisiana. Because of high winds from Hurricane Rita, the vessel struck Gramercy's water intake at about 3:30 in the afternoon. Gramercy alleges that, "[t]he impact caused structural damages to petitioner's intake lines and damage to the marker piling which is to this date still leaning." Rec. doc. 1 (Attachment at 2). Gramercy alleged that it received from Volks Construction estimates of $68,770.00 to repair the structure and $174,270.00 to replace it. Id.

Gramercy filed suit in state court on September 25, 2006. The defendants removed it to federal court. The trial was set for October 20, 2008. Rec. doc. 7. On July 11, 2008, the defendants filed an unopposed motion to continue the trial. Rec. doc. 10. They reported that: (1) Gramercy had

not repaired the damage to the water intake structure; (2) until the repairs were made its damages were speculative; and (3) a continuance was sought to complete repairs and discovery. Rec. doc. 12. There was a telephone conference with the District Judge on August 19, 2008. The trial was continued to March 30, 2009, and the pretrial conference was reset for March 19, 2009. Rec. doc. 15. The scheduling order provides that, "[d]epositions for use at trial shall be taken and <u>all discovery</u> shall be completed no later than 60 days (Wednesday, January 28, 2009) prior to the trial date." (Emphasis added). Rec. doc. 15 at 2.

## **DISCOVERY**

The parties stipulated that initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), would not be made. Rec. doc. 7. On November 13, 2007, the defendants served written discovery. Rec. doc. 38 (Exhibit A). Interrogatory no. 7 sought details of the repairs to the water intake system, including any surveys or reports. Interrogatory no. 8 sought the damages Gramercy alleged were the result of the incident. The request for production of documents included requests for drawings of any repairs, documents relied on by architects, engineers and repairers to repair the damage, and production of documents supporting the responses to the interrogatories. Rec. doc. 38 (Exhibit A). The defendants report that Gramercy responded on January 22, 2008 and June 12, 2008, but there was no information on the actual damage incurred because repairs were not made until the fall of 2008. Subpoenas issued to engineers for Gramercy in June 2008 did not produce any documents on the damage for the same reasons. Rec. doc. 38 at 3.

On March 2, 2009, Gramercy served supplemental responses to the written discovery in which information on repairs to the intake structure was provided for the first time. Rec. doc. 38 (Exhibit D). The documents produced by Gramercy demonstrate that the contract for the repair of

2

the intake structure is dated March 6, 2008. The contractor completed 70% of the work by September 30, 2008 and requested payment of $185,193.00. On October 29, 2008, the engineer recommended to Gramercy that payment be made. Id. at 6.

Gramercy contends that all documents supporting its claims for damages were served on March 2, 2009, and all documents relating to any reimbursement by FEMA were produced on March 4, 2009. Rec. doc. 44. Defendants contend that the March 2 and 4, 2009 production is incomplete. Rec. doc. 45.

## **ANALYSIS**

Pursuant to Fed. R. Civ. P. 26(e), "[a] party . . . who has responded to an interrogatory, request for production, or request for admission–must supplement or correct its . . . response . . . in a timely manner if the party learns that in some material respect the . . . response is incomplete . . ., and if the additional . . . information has not otherwise been made known to the other parties." Gramercy does not dispute that it had a duty under Rule 26(e) to supplement its response with the documents relating to the repair of the intake structure.

The deadline for completion of discovery was January 28, 2009. Gramercy does not represent that any of the documents were generated after that date. At a minimum, Gramercy was required to produce the documents by that date. Some of the documents could have been produced to defendants at least three months before the expiration of the discovery deadline. Because the documents relating to the repair of the intake structure were not served until after the discovery deadline, Gramercy did not comply with Rule 26(e) by supplementing its discovery responses in a timely manner.

Pursuant to Fed. R. Civ. P. 37(c): "[i]f a party fails to provide information . . . as required

3

by Rule 26(a) or (e), the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." Id. "This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence. . ." Fed. Rule Civ. P. 37(c) Advisory Committee's Note, 1993 amendments. The determination of whether Gramercy's failure was substantially justified or is harmless will be made with reference to the factors for consideration of whether a scheduling order may be modified. This also resolves whether Gramercy is entitled to relief from the discovery deadline.

Pursuant to Fed. R. Civ. P. 16(b)(4), a scheduling order may be modified only for good cause and with the Court's consent. In S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003), the Fifth Circuit applied a four-part test on a request to modify a scheduling order to permit an amended pleading: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. Id. at 536.

Counsel for Gramercy reports that he supplied the information on the repair of the intake structure promptly after receipt of the information from his client.[1] This is not a satisfactory

---

[1] Gramercy's opposition states:

    Counsel for plaintiff received copies of invoices, payment request, bank checks, change orders, diver costs and contract engineering cost via facsimile from Mayor Bourgeois on February 26, 2009. Counsel was out of state from February 20 to February 28, 2009 and did not return to his office until March 2, 2009.

    On March 2, 2009, plaintiff supplemented his Answers to Interrogatories and Request for Production of Documents for the second time and forwarded via facsimile and regular mail to Daniel A Tadros, Esq., counsel for defendant, all documents which had been provided to him by the Town of Gramercy in answers to Number 7 and 8.

explanation. The burden on the party is to timely supplement rests on the party. It does not suffice for counsel to contend that he acted timely while his client did not. The documents supporting Gramercy's cost to repair the intake structure are of vital importance. Inasmuch as the District Judge denied the defendants' motion for summary judgment on the issue of liability, the cost of the repairs is the central issue in the case. Service of the repair and FEMA documents on March 2 and 4, 2009 is prejudicial to defendants because there is insufficient time left in the trial schedule to complete discovery regarding the scope of repairs, prepare expert reports and prepare for trial. The pretrial order must be completed by Tuesday, March 17, 2009. Rec. doc. 15. The trial has been continued once. A further continuance is not available to cure the prejudice to the defendants. Gramercy's failure to serve the supplemental responses within the discovery deadline was not substantially justified and it is not harmless.

There is no need to consider whether the March 2 and 4, 2009 document production was complete.

## RECOMMENDATION

IT IS RECOMMENDED that the defendants' motion to compel and for sanctions (Rec. doc. 38) be GRANTED and that Gramercy not be allowed to use at the trial of this case any information regarding its damages which was served on defendants after the January 28, 2009 deadline for the completion of discovery.

---

Rec. doc. 44 at 3.

**OBJECTIONS**

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 12th day of March, 2009.

                                                             **SALLY SHUSHAN**
                                                             **United States Magistrate Judge**

cc: U.S. District Judge Engelhardt