UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| TOWN OF GRAMERCY | CIVIL ACTION |
|---|---|
| VERSUS | NO. 07-2655 |
| BLUE WATER SHIPPING SERVICES, et al. | SECTION "N" (1) |

## ORDER AND REASONS

Before the Court is the **Motion for Summary Judgment (Rec. Doc. 53)**, filed by Defendants Southern Pacific Holding Corporation and Executive Ship Management, PTE, Ltd. The motion is opposed by the Plaintiff, Town of Gramercy. After reviewing the Complaint, the memoranda of the parties, and the applicable law, the motion is granted as set forth herein.

### I. BACKGROUND

The factual background of this case was adequately described in the Order of January 20, 2009 (Rec. Doc. 30) denying the Defendants' earlier summary judgment motion, and need not be recounted here. On March 12, 2009, the Magistrate Judge assigned to this matter recommended that Plaintiff be prohibited from introducing any evidence regarding damages, because of its failure to timely produce requested discovery documents. *See* Rec. Doc. 46. On March 23, 2009, this Court adopted the Magistrate's Report and Recommendation as its Order. *See* Rec. Doc. 61. Defendants now move for summary judgment arguing that Plaintiff cannot establish an element of its claim. The Court gave Defendants leave to file the instant motion on March 17, 2009, and ordered expedited briefing. *See* Rec. Docs. 52, 54.

### II. ANALYSIS

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the

nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

When damages are claimed their amount must be proven with certainty. *Clement v. La. Irrigation & Mill Co.*, 56 So. 902 (1911); *Smith v. White*, 411 So.2d 731 (La. App. 1982), writ denied, 413 So.2d 508 (La. 1982); *Coon v. Placid Oil Co.*, 493 So.2d 1236, 1240 (La. App 1986). Courts cannot award speculative damages. *Coco v. Richland General Contractors, Inc.*, 411 So.2d 1260 (La. App. 1982), writ denied, 413 So.2d 909 (La. 1982); *McCoy v. Ark. Natural Gas Co.*, 143 So. 383 (1932). In this case, the Court's adoption of the Magistrate's Report and

Recommendation alone compels the granting of the instant motion, since Plaintiff will be barred from introducing any evidence of damages at trial, rendering any damage award speculative. But even without relying on the Magistrate's Report, the motion must be granted, since the evidence clearly establishes that Plaintiff has been reimbursed in full by the Federal Emergency Management Agency for any and all damage to the intake system. *See* Mot. at Ex. B (Reimbursement Statement).

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that the motion is **GRANTED**. This disposing of the last Defendants in this case, the suit is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 24th day of March, 2009.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**